## I. Erb Steiner *v.* Magdalena W. Scholl, Appellant.

*Judgment—Opening judgment—Fraud—Evidence.*

On an application to open a judgment, it appeared that defendant was an illiterate woman nearly seventy years of age. She denied that she had ever knowingly, if at all, signed the note upon which judgment was entered. She averred that she never had any transactions with plaintiff whereby she became liable to him for any sum of money whatever. She also averred that she had loaned plaintiff five hundred dollars for which he gave her a judgment note. Plaintiff averred that he had loaned to defendant various sums of money for which the judgment in question had been given. Plaintiff also declared that he had paid his own note on a certain date, but a letter of subsequent date was offered in evidence, written by him for defendant, and addressed to defendant's daughter, in which the daughter was requested to send the note for five hundred dollars to defendant as plaintiff wanted to pay some money on it. *Held*, that it was proper to open the judgment.

Argued Feb. 7, 1894. Appeal, No. 74, July T., 1893, by plaintiff, from order of C. P. Bucks Co., Jan. T., 1893, No. 5, discharging rule to open judgment. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to strike off judgment. Before YERKES, P. J.

From the record it appeared that judgment was entered on a

warrant of attorney for $2,500 on Jan. 10, 1893. The note containing the warrant of attorney was dated Aug. 1, 1892. Evidence on behalf of defendant was to the effect that she was an illiterate German-speaking woman nearly seventy years of age. Defendant testified that she had never knowingly, if at all, signed the judgment note. She averred that she did not owe anything to plaintiff, and that she never had any business transactions with him whereby she became liable to him for any sum of money whatever. She also stated that she had loaned him five hundred dollars for which she had taken his judgment note, and that this note had never been paid.

Plaintiff testified that, at various times in the summer of 1892, he had loaned defendant sums of money for the use and improvement of her separate estate, amounting in all to $2,580, and that he had taken the judgment note in controversy as security for the loan. He also stated that on June 25, 1892, he had paid his note for $500. On Oct. 29, 1892, plaintiff wrote a letter for defendant to her daughter, requesting the latter to send plaintiff's note for $500 to defendant as plaintiff wanted to pay some money on it.

The court discharged the rule. Defendant appealed.

*Error assigned* was above order, quoting it.

*George Ross, J. F. Long* with him, for appellant, cited: Knorr v. Elgren, 19 W. N. 531; Jenkintown Bank's Ap., 124 Pa. 337; Wilson's Ap., 109 Pa. 609.

*Henry O. Harris, Wm. F. Dannehower* with him, for appellee, cited: Jackson v. Payne, 114 Pa. 67; Phillips v. Meily, 106 Pa. 536; Jones v. Lewis, 148 Pa. 236; Mead v. Conroe, 113 Pa. 228; Knarr v. Elgren, 19 W. N. 531; Jenkintown Bank's Ap., 124 Pa. 337; Com. v. Titman, 148 Pa. 168; Hunter v. Mahoney, 148 Pa. 232; Klopfer v. Ekis, 155 Pa. 41.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 1, 1894:

While the prayer of the petitioner was that the judgment in question be stricken from the record, the proceeding appears to have been treated throughout as a rule to show cause why the judgment should not be opened and defendant let into a defence, etc.

The result of our examination of the record, including the petition, answer and depositions, is that the evidence tends to establish such facts and circumstances as would have justified the learned judge of the common pleas in opening the judgment and sending the case to a jury. As disclosed by the testimony, the business relations of the plaintiff with the defendant, an illiterate old woman, of nearly three score and ten years, were not what they should have been. It tends among other things to show that in 1892, the year the judgment note in question purports to have been given, she held his note for $500, which he claims to have paid in June of that year; but, it also appears that in October of the same year he wrote for defendant, in relation to said note, a letter to her daughter, Mrs. Landis, in these words : "Dear Daughter : You will please send me that note of I. Erb Steiner down he wants to pay some money on it and I must have it. Send it in a letter and seal the letter well and address it to me. Send it at once and don't fail.                    Magdalena Scholl."

At best, plaintiff's explanations of this and other transactions with defendant appear to be unsatisfactory. If he actually paid the $500 note, it is due to him as well as the defendant that he should have an opportunity of proving the fact. If he is unable to do so, defendant should at least have credit for the amount.

Without referring to other circumstances which may assume importance on the trial, we think the decree discharging the rule should be reversed.

Decree reversed and ordered that the judgment be opened and defendant be permitted to defend, etc.